UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 18-10097-CJC (KS)                                    Date: December 11, 2018

Title     *Marcos Munoz v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 17, 2018, Marcos Munoz ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "August 17 Petition"). *Marcos Munoz v. Warden*, No. CV 18-7260-CJC (KS), Dkt. No. 1 (2018). The August 17 Petition presented a single ground for federal habeas relief concerning Petitioner's receipt of mental health services. *Id.*  On November 8, 2018, United States District Judge Cormac J. Carney dismissed the August 17 Petition without prejudice pursuant to Rules 2 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") for failure to give fair notice of the factual and legal elements of Petitioner's claims for relief. *Id.* at Dkt. No. 12.

On December 4, 2018, Petitioner filed a second Section 2254 Petition (the "December 4 Petition"). (Dkt. No. 1.)  Petitioner's sole claim for relief is "I was convicted in violation of my rights under the United States Constitution." (*Id.*)  Accordingly, Petitioner has not identified the constitutional provision(s) at issue nor the facts underpinning his ground(s) for relief, and the December 4 Petition is subject to summary dismissal under Rules 2 and 4 of the Habeas Rules.

As the Court previously instructed Petitioner, Habeas Rule 4 requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Further, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition

must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

In light of the foregoing, **Petitioner is HEREBY ORDERED to show cause no later than January 10, 2019 why this action should not be dismissed.** To discharge this Order, Petitioner must file, no later than the January 10, 2019 deadline, a signed First Amended Petition that identifies the constitutional provisions at issue and explains how his conviction violated those provisions, with a supporting statement of specific facts. The Clerk is directed to send Petitioner a copy of the Central District's form Section 2254 Petition (Form CV-69).

Alternatively, Petitioner may file a signed Notice of Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**Petitioner's failure to timely comply with this Order may result in a recommendation of dismissal.**

**IT IS SO ORDERED**.

| | : |
|---|---|
| **Initials of Preparer** | gr |