FILED
CLERK, U.S. DISTRICT COURT
January 30, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: CSI DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARCOS MUNOZ, ) NO. CV 18-10097-CJC (KS)
        Petitioner, )
   v. ) **ORDER: DISMISSING PETITION**
) **WITHOUT PREJUDICE**
WARDEN, )
        Respondent. )
_____ )

## INTRODUCTION

On December 4, 2018, Marcos Munoz ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner, who is serving a prison sentence of 80 years to life for murder, previously filed a habeas petition that was dismissed without prejudice pursuant to Rules 2 and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") for failure to give fair

notice of the factual and legal elements of his claims for relief.[1] *See Marcos Munoz v. Warden*, No. CV 18-7260-CJC (KS), Dkt. Nos. 1, 12 (Nov. 8, 2018).

The instant Petition presents a single ground for federal habeas relief. Specifically, Petitioner states: "I was convicted in violation of my rights under the United States Constitution." (Petition at 5 (CM/ECF Page ID 30).) In a December 11, 2018 Order, the Court observed that "Petitioner has not identified the constitutional provision(s) at issue nor the facts underpinning his ground(s) for relief," and, therefore, the "Petition is subject to summary dismissal under Rules 2 and 4 of the Habeas Rules." (Dkt. No. 4.) Accordingly, the Court ordered Petitioner to show cause no later than January 10, 2019 why the action should not be dismissed, and the Court instructed Petitioner that he could discharge the Order by filing a First Amended Petition clarifying his claim(s) for relief. (Dkt. No. 4.) On December 26, 2018, Petitioner submitted a request for leave to proceed *in forma pauperis*. (Dkt. No. 5.) However, more than two weeks have lapsed since Petitioner's deadline for responding to the Court's December 11, 2018 Order to Show Cause, and Petitioner has not filed a First Amended Petition.

## APPLICABLE LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a

---

[1] Petitioner also has two civil rights cases pending. *See Marcos Munoz v. Los Angeles County Mental Health et al*, CV 18-10265-CJC (KS) (filed Dec. 11, 2018); *Marcos Munoz v. California Department of Corrections et al*, CV 18-10264-CJC (KS) (filed Dec. 11, 2018).

2

district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *see e.g.*, *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

\\
\\
\\
\\

**DISCUSSION**

In light of the foregoing, the Court directed Petitioner to file a First Amended Petition that "identifies the constitutional provisions at issue and explains how his conviction violated those provisions, with a supporting statement of specific facts." (Dkt. No. 4.) The Court warned Petitioner that his failure to timely comply could result in a recommendation of dismissal. (*Id.*) Petitioner did not respond. Less than three months ago, Petitioner's prior state habeas petition was dismissed pursuant to Habeas Rules 2 and 4 for similar pleading defects. *See Marcos Munoz v. Warden*, No. CV 18-7260-CJC (KS), Dkt. Nos. 1, 12 (Nov. 8, 2018).

Despite receiving an opportunity to correct the pleading defects in the instant Petition, and a warning that his failure to do so could result in dismissal, Petitioner failed to file a First Amended Petition or otherwise respond to the argument for dismissal. Further, the instant Petition, even when construed liberally, is too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Petitioner has not identified any constitutional provisions at issue nor articulated any supporting facts. Instead, the Petition is limited to a single conclusory assertion that Petitioner's conviction violated his constitutional rights. Accordingly, the Petition before the Court, does not give "fair notice" of the factual and legal elements of Petitioner's claims for habeas relief. *Cf. Hunt v. Kernan*, No. CV98-5280WDK(AN), 2006 WL 5819789, at *4 (C.D. Cal. Mar. 31, 2006), report and recommendation adopted as modified, No. CV98-5280AHS(AN), 2008 WL 2446064 (C.D. Cal. June 17, 2008) ("Although the [Habeas] Rules adopt a flexible pleading policy, particularly for *pro se* litigants, a pleading must still give fair notice by stating the factual and legal elements of each claim."). Where, as here, the Petitioner received notice of a pleading defect and its consequences and received an opportunity to correct the defect but did not do so, dismissal is appropriate. *See*, *e.g.*, *Simmons v. Kernan*, No. 2:17-CV-2276-

EFB P, 2018 WL 4852156, at *2 (E.D. Cal. Oct. 5, 2018) (dismissing habeas petition that does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 2 of the Habeas Rules). Accordingly, dismissal pursuant to Habeas Rule 4 is warranted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: January 30, 2019

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge